UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:98-CR-62-1-F
No. 7:00-CV-163-F

| | | |
|---|---|---|
| THOMAS LATTIE McLAMB, | ) | |
| Petitioner, | ) | |
| v. | ) | O R D E R |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

This matter is before the court for ruling on the following pending motions:

1. Thomas Lattie McLamb's ("Thomas")[1] August 3, 2000, Motion to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C. § 2255 [DE-43][2];

2. Thomas's uncontested August 3, 2000, Motion to Exceed Page Limit [DE-44];

3. The Government's September 29, 2000, Motion to Dismiss or for Summary Judgment [DE-49];

4. Thomas's October 4, 2000, (first) Motion to Amend or Correct his § 2255 motion [DE-52];

5. The Government's Motion to Dismiss Thomas's Motion to Amend or Correct [DE-53];

6. Thomas's October 23, 2000, (second) Motion to Amend or Correct his § 2255 motion [DE-56];

7. Thomas's unopposed November 9, 2000, Motion to Adopt the Pleadings of his Co-Defendant [DE-59];

---

[1] The court refers to petitioner by this first name to distinguish him from his son, Earnest Earl McLamb, who is his co-defendant.

[2] "(DE-___)" designates the referenced document's official Docket Entry number.

8. Thomas's unopposed May 14, 2002, "Motion to Expurgate for Lack of Jurisdiction" [DE-90]; and

9. Thomas's unopposed July 23, 2004, (third) Motion to Amend or Correct [DE-106].

The Government has had an opportunity to respond to each of Thomas's motions, and has responded to three: the § 2255 motion, and the first two Motions to Amend or Correct. *See* [DE-49]; [DE-53]; [DE-57]. All the motions are ripe and have been pending before this court for some time.

Thomas and his son, Earnest Earl McLamb ("Earnest"), were charged in a four-count Indictment with offenses related to trafficking marijuana. Thomas was charged in all four counts;[3] Earnest was not named in Count Three. Both McLambs retained attorney J. Douglas McCullough to represent them. Magistrate Judge William N. Mason conducted a Rule 44(c) hearing on July 24, 1998; both defendants executed a Waiver of Right to be Represented by Separate Counsel on the same date. *See* [DE-19].

The McLambs were arraigned on August 31, 1998, and individually were thoroughly advised of their rights by the court. *See* Transcript of Rule 11 Hearing, Exhibit B to Earnest's Memorandum in Support of § 2255 Motion, 7:98-CR-62-2-F, at E-DE #60.[4] Both McLambs pled guilty to Counts One and Four pursuant to individual Plea Agreements in which the Government agreed to dismiss the remaining counts at sentencing. The McLambs promised, *inter alia*, to cooperate with the Government, and they both waived their rights to appeal and to collaterally attack their convictions and sentences except in the event of an upward departure

---

[3] Count Four was a criminal forfeiture count.

[4] Thomas's Motion to Adopt Co-Defendant's Pleadings [DE-59] is ALLOWED. Therefore, reference may be made herein to documents filed in Earnest's § 2255 proceeding. Those documents hereafter will be designated as ["E-DE-____"].

2

from the Guideline Range, or on grounds of ineffective assistance of counsel or prosecutorial misconduct not known to them at the time of their guilty pleas. *See* [DE-22], at ¶ 2c.

The McLambs were sentenced on December 18, 1998. No objections were filed to either Presentence Report, and both defendants individually confirmed under oath at sentencing that they personally had none. *See* Exhibit 2 to [DE-43], at 6. In recognition of pre-sentence substantial assistance rendered, the Government filed a U.S.S.G. § 5K1.1 motion, seeking a downward departure in both McLambs's sentences. The Transcript of the Sentencing Hearing plainly reflects defense counsel's firm belief that both his clients would be the recipients of Rule 35(b) motions within the year. *See* Exhibit 2 to [DE-43], at 5, 12. Honoring the §5K1.1 motion, the court sentenced each of Thomas and Earnest to a term of 210 months imprisonment followed by five years' supervised release. Different counsel were appointed to represent Thomas and Earnest on appeal, and the Fourth Circuit Court of Appeals affirmed their convictions by *per curiam* opinion issued on October 20, 1999 [DE-37].

## 2255 Motion

On August 2, 2000, Thomas timely filed his § 2255 motion [DE #43] accompanied by a 48-page memorandum of law to which a number of exhibits are attached. Contemporaneously with his § 2255 motion, Thomas filed a Motion to Exceed Page Limit [DE-44]. Although the Local Rules limit memoranda to 30 pages, the court in its discretion ALLOWS Thomas's motion to exceed that limit.

Thomas's § 2255 motion purports to state nine claims as follows:

1. Counsel rendered ineffective assistance at every stage of the proceedings in violation of Thomas's rights under the Sixth Amendment;

2. Counsel was ineffective for failing to file a motion to suppress;

3. The district court plainly erred in its classification of Thomas as a Level 34 Career Offender;

3

4. Counsel was ineffective for withdrawing Thomas's mental evaluation;

5. The district court sentenced Thomas based on an inaccurate Presentence Report;

6. The district court relied on inaccurate information in formulating Thomas's sentence;

7. Counsel was ineffective at sentencing;

8. Counsel was ineffective, and the Government engaged in misconduct, at sentencing with regard to Thomas's cooperation;

9. Counsel was ineffective on appeal for failing to raise the list of arguments prepared by Thomas.

A. *Waiver*

Thomas's Memorandum of Plea Agreement contains waivers of his right to appeal and to raise on collateral review any claim except one "based upon grounds of ineffective assistance of counsel and prosecutorial misconduct *not known to the Defendant at the time of the Defendant's guilty plea.*" Memorandum of Plea Agreement [DE-22], ¶ 2(c) (emphasis added). At the arraignment, the court read aloud the terms of the Plea Agreement, including the following:

> You waive all rights to appeal whatever sentence is imposed, including any issues that relate to the establishment of the guideline range. You reserve only the right to appeal from an upward departure from the guideline range established at sentencing.
>
> You waive all rights to contest the conviction and sentence in any post-conviction proceeding, including one wherein you petition for writ of habeas corpus, except you reserve the right to assert such proceeding based upon the grounds of ineffective assistance of counsel or prosecutorial misconduct not known to you at this time.

Transcript of Rule 11 Proceeding at 18-29. Thomas confirmed the substance of his plea agreement. *See id.* at 21.

Thomas's § 2255 Claims Two, Three, Five and Six specifically are subject to the waiver, and therefore are DISMISSED.

4

## B. *Overview*

The claims remaining for consideration all are based on Thomas's contention that his lawyer rendered ineffective assistance in violation of the Sixth Amendment. **Claim One** generally alleges ineffectiveness at virtually every stage of his prosecution. **Claim Four** contends that counsel rendered ineffective assistance by withdrawing a request for a mental evaluation that would have provided the basis for a downward departure at sentencing for diminished capacity. **Claims Seven and Eight** attack counsel's performance at the sentencing phase, and **Claim Nine** alleges ineffective assistance on appeal.

Immediately upon their arrest, Thomas and Earnest were assigned court-appointed attorneys. However, on July 17, 1998, defense counsel J. Douglas McCullough entered notices of appearance, and filed motions for Rule 44(c) hearings as to each defendant. Following the Rule 44(c) hearings on July 24, 1998, both defendants signed waivers of their right to be represented by separate counsel. Appointed counsel were relieved, and Mr. McCullough became counsel of record for both father and son.

At no time during the pendency of this prosecution did Thomas complain about Mr. McCullough's performance. In fact, the transcript of the Rule 11 and sentencing hearings will attest to Thomas's declarations under oath concerning his satisfaction with counsel, his understanding of the charges and the consequences of pleading guilty, and his desire to plead guilty according to the terms of the Memorandum of Plea Agreement into which he entered with the Government on August 31, 1998, [DE-23].

Notwithstanding the waiver contained in that Agreement, Thomas appealed his sentence. *See* [DE-31]. Mr. McCullough was relieved of the further obligation to represent the McLambs, and separate counsel were appointed for father and son shortly after the record on appeal was completed in the Fourth Circuit Court of Appeals. *See* [DE-36]. However, Thomas

5

complains that appellate counsel conferred and filed a "joint appeal," and that his lawyer failed to raise all the claims he had requested.

### C. *Standard of Review*

To prevail on a claim for relief on grounds of ineffective assistance of counsel, Thomas must satisfy both prongs of the test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). The first prong is that the attorney's performance fell below some objective standard of reasonableness. *See id.* at 687-91. Second, Thomas must show that, but for his lawyer's unprofessional efforts, the result of his case would have been different. *See id.* at 694. Because Thomas must satisfy *both* of these two essential elements, the Government will prevail if it can demonstrate Thomas's inability to satisfy *either*. If the Government shows that Thomas cannot meet the second element – prejudice – there is no need to reach the first. *See id.* at 697; *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001), *cert. denied*, 122 S. Ct. 2311 (2002). A presumption exists that counsel acted competently, and the burden rests with Thomas ultimately to demonstrate a constitutional violation. *See United States v. Cronic*, 466 U.S. 648 (1984).

As to the instant Motion to Dismiss or for Summary Judgement, the Government bears the burden of proof to show that Thomas has failed to state a claim upon which relief may be granted under 28 U.S.C. § 2255, Rule 12(b)(6), FED. R. CIV. P., or that no genuine issue of material fact exists that necessitates an evidentiary hearing and that the Government is entitled to judgment as a matter of law, *id.* at Rule 56.

### D. *Specific Claims*

**Claim One**
<u>Counsel Improperly Induced Guilty Pleas</u>

The court perceives the gravamen of Thomas's first § 2255 claim to be that his trial counsel improperly induced him to enter into a guilty plea with the Government, thus rendering

6

that plea involuntary. Claim One, alleging pervasive ineffective assistance of counsel, is grounded primarily on the following contentions: Thomas, who then was in his late 50's and had only a fifth grade education, relied on Mr. McCullough's representations that his status as a former Assistant United States Attorney allowed him to command unique respect from the court and the Government, and that he, therefore, could control the outcome of Thomas's case.

Thomas contends that Mr. McCullough told him that he (McCullough) was the prosecutor's former boss, that he often had dinner with the judge, and that he had played golf with both the prosecutor and the judge. Thomas relates that Mr. McCullough told him what to say in court, assuring him he would receive less than ten years' imprisonment if he pled guilty and continued to cooperate with the Government. Thomas complains, in essence, that McCullough sold him and his son down the river once McCullough received his fee. In short, Thomas contends his guilty plea was involuntary and unknowing because of his reliance on the misrepresentations of a constitutionally ineffective attorney.

The Government's response to the allegations contained in Claim One is that it must be dismissed because the contentions are "extreme," and are refuted by Mr. McCullough's affidavit, attached to the Government's Memorandum, [DE-50]. Contrary to the Government's belief, such an affidavit has just the opposite effect. Mr. McCullough's affidavit disputing his former client's allegations demonstrates the existence of an issue of fact whether or not those allegations are true. *See* Advisory Committee Note to Rule 5, RULES GOVERNING § 2255 PROCEEDINGS ("Numerous cases have held that the government's answer and affidavits are not conclusive against the movant, and if they raise disputed issues of fact, a hearing must be held."). *See also, e.g., United States v. Miller*, No. 99-7158, 2000 WL 655981 (4th Cir. May 18, 2000). If a fact is material and the issue genuine, then an evidentiary hearing is required. *See* Rule 56(e), Fed. R. Civ. P.; *Pham v. United States*, 317 F.3d 178, 187 (2d Cir. 2003).

7

In order to determine whether the facts alleged by Thomas are "material" to resolution of the claim he has advanced, the court first looks to his pleadings. Thomas complains in Claim One that his sentence exceeded the ten year maximum allegedly promised by Mr. McCullough. Thomas implies that he believed Mr. McCullough's alleged assurance of his ability to control the outcome of Thomas's case. Of course, the statements he sets out in his § 2255 motion are contrary to those he made under oath in open court in response to questions by the undersigned concerning whether there were any other promises made to him and whether he understood that the court was not bound by any agreement between him and the Government, and that it was the court that would decide his sentence. Thomas's alleged reliance on McCullough's "promise" of a sentence less than ten years was patently unreasonable, in light of the record, including Thomas's own sworn statements.

Furthermore, Thomas no where has declared that he would have rejected the plea agreement offered by the Government, and instead put the Government to its proof at trial, but for Mr. McCullough's alleged representations. Disappointment in the sentence imposed is not grounds for relief under § 2255.

**Claim Four**:
<u>Failure to Pursue Departure for Diminished Mental Capacity</u>

Thomas also contends that Mr. McCullough was ineffective because he did not pursue a departure at sentencing based on diminished capacity. The Government has moved to dismiss that claim or for entry of summary judgment thereon because (a) it does not know what "mental evaluation" Thomas is referring to, and (b) Mr. McCullough believed that there was no factual basis upon which to seek a downward departure for diminished mental capacity. The Government notes also that Thomas advised the Presentence Report writer that he had no history of mental problems.

8

Case 7:98-cr-00062-F   Document 108   Filed 01/16/07   Page 8 of 14

The official docket in this matter reflects that on July 6, 1998, a motion was filed on behalf of Thomas by his court-appointed counsel (who withdrew after the McLambs hired Mr. McCullough), for an order directing that Thomas undergo a psychiatric examination. The motion was referred to the Magistrate Judge on July 7, 1998, but the docket does not reflect that an order ever was issued. Mr. McCullough entered a notice of appearance only ten days after the motion was referred.

Although the printed record does not so state, the chain of events revealed by the docket sheet strongly suggests that the decision not to pursue the mental evaluation and a diminished capacity theory was made when Mr. McCullough took the reins of Thomas's and Earnest's defense. The case took a conciliatory turn, resulting in entry of the guilty pleas on August 31, 1998, following initial cooperation by both defendants. Indeed, the Government moved for downward departures at sentencing in recognition of the defendants' substantial assistance as of the date of sentencing, and indicated in the strongest terms that it expected that more assistance – and a further request for leniency – would be forthcoming.

The record supports the court's recollection that the McLambs relinquished their pre-plea adversarial posture in order to curry favor from the Government in hopes of receiving recommendations of leniency. Withdrawal of the motion for a mental evaluation would be consistent with a defense strategy to fully cooperate with the Government in an effort to persuade the Government to file a Rule 35(b) motion, rather than attack the Government's case and possibly lose the chance for a later reduction in sentence. Such a tactic falls well within "an objective standard of reasonableness . . . under prevailing professional norms" and "considering all the circumstances." *Strickland*, 466 U.S. at 688. Thomas has offered only speculation to support his contentions in Claim Four.

9

## Claims Seven & Eight:
### Ineffective Assistance and
### Prosecutorial Misconduct at Sentencing

In support of his allegation in Claim Seven that his lawyer was ineffective at sentencing, Thomas reiterates his contentions that Mr. McCullough advised him that his close relationship with the judge and his former position as an Assistant United States Attorney would ensure a sentence of less than ten years and a further sentence reduction upon a later Rule 35 (b) motion. Thomas also contends that Mr. McCullough made no real attempt at sentencing to challenge the calculation of his guideline range or to present mitigating evidence.

In Claim Eight, Thomas asserts that his lawyer was ineffective at sentencing when he failed to elaborate on Thomas's cooperation with the Government to date, and failed to require the Government to detail for the court the extent of that cooperation, as required by the terms of the Presentence Report. He further contends the Government's misconduct in failing at sentencing to recite the full details of his assistance violated his constitutional rights.

In reviewing with Thomas the terms of his Memorandum of Plea Agreement, the court specifically advised Thomas during his Rule 11 hearing, *inter alia*, that the Government:

> agrees to make known to the court at sentencing the full extent of your cooperation, including whether the Government deems you to have substantially assisted authorities. The Government is not promising to move for a downward departure by reason of the same.

Arraignment Transcript at 20. Thomas stated under oath that this provision and others constituted "the sum and substance of your plea agreement with the Government." *Id.* at 21. He also answered, "No" to the questions, "Has anyone made any promise to . . . you other than the plea agreement that induced you to plead guilty," *id.*, and "Has anyone made any promise to you as to what your sentence will be," *id.* at 22.

The transcript of the sentencing hearing, also a matter of record in this case, clearly conveys the firm belief on the day of sentencing, both of the Government and of defense

10

counsel, that Thomas would earn a Rule 35(b) motion within a year. *See* Sentencing Hearing Transcript at 4-5. However, the court made clear, and Thomas confirmed his understanding, that "the Government is not required to return to court with a Rule 35(b) motion to seek a reduction in your sentence, and that it is completely within the Government's discretion whether or not to do so," *id.* at 5, and that "if the Government decides not to make a Rule 35(b) motion on your behalf that you are not entitled to relief from the court," *id.* at 6.

> [A] defendant's solemn declarations in open court affirming [a plea] agreement . . . "carry a strong presumption of verity," . . . because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy. *United States v. Bowman*, 348 F.3d 408, 417 (4th Cir. 2003). "Indeed, because they do carry such a presumption, they present 'a formidable barrier in any subsequent collateral proceedings.'" *[United States v.] White*, 366 F.3d at 295-96 (quoting *Blackledge*, 431 U.S. at 74, 97 S.Ct. 1621). Thus, in the absence of extraordinary circumstances, . . . allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always "palpably incredible" and "patently frivolous or false." . . . . *Lasiter v. Thomas*, 89 F.3d 699, 702-03 (10th Cir. 1996) ("[The petitioner] [i]s bound by his solemn declarations in open court and his unsubstantiated efforts to refute that record [a]re not sufficient to require a hearing. This case does not involve the most extraordinary circumstances.") (internal quotation marks omitted); *Ouellette v. United States*, 862 F.2d 371, 377-78 (1st Cir. 1988) (holding that an evidentiary hearing is not required when a petitioner's uncorroborated allegations are directly contradicted by his testimony at the time of his plea colloquy) . . . . Thus, in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements. Otherwise, a primary virtue of Rule 11 colloquies would be eliminated- "permit[ting] quick disposition of baseless collateral attacks," *Blackledge [v. Allison]*, 431 U.S. at 79 n. 19 (1977).

*Lemaster*, 403 F.3d at 221-222 (citations omitted).

The court has carefully considered Thomas's contentions and his arguments in support thereof, in light of the record in this case and the controlling law, and concludes that there is no genuine issue of material fact that necessitates an evidentiary hearing, as Thomas plainly stated under oath that he received no promises, and understood that the Government was not required to make a Rule 35(b) motion on his behalf. While the court recognizes that Thomas has had

11

very little education, the concepts underlying these questions and answers are elementary. Thomas has failed to carry his burden of going forward by demonstrating the existence of any material fact requiring resolution by evidentiary hearing.

### Claim Nine
<u>Ineffective Assistance of Appellate Counsel</u>

Finally, Thomas contends that the attorney appointed to represent him on appeal was ineffective because he did not seek or obtain severance of Thomas's appeal from that of his son, co-defendant Earnest McLamb, and because he did not raise seven enumerated issues on appeal that Thomas typed out for him. *See* list at pp. 46-47, Memorandum in Support of § 2255 Motion [DE-43]. He contends also that appellate counsel should have sought out additional grounds for appeal.

Thomas waived his right to appeal. Specifically, his Memorandum of Plea Agreement [DE-22] provided, "you waive all rights to appeal whatever sentence is imposed, including any issues that relate to the establishment of the Guideline range. You reserve only the right to appeal from an upward departure from the Guideline range established at sentencing." *Id.* at ¶ 2(c); Transcript of Arraignment at 18. Thomas's 210-month sentence was within the 188-235-month Guideline range, and represented a downward departure from the sentence the court would have imposed, absent the Government's U.S.S.G. § 5K1.1 motion.

Whether a waiver of the right to appeal is knowing and intelligent depends upon the facts and circumstances surrounding its making, including the defendant's background, experience, and conduct. *See United States v. Davis*, 954 F.2d 182, 186 (4th Cir. 1992). A waiver is ineffective, however, if the district court fails to question the defendant about it, *see United States v. Wessells*, 936 F.2d 165, 167-68 (4th Cir. 1991), unless other evidence in the record shows that the waiver was informed and voluntary. *See Davis*, 954 F.2d at 186. Here, Thomas was thoroughly questioned about the waiver provision in his plea agreement, and the court was satisfied that such agreement, including the waiver, was knowing and voluntary.

Notwithstanding his valid waiver, however, Thomas *did* file an appeal, was afforded the benefit of appointed counsel to represent him, and raised before the Fourth Circuit Court of Appeals the issue whether the Government breached the plea agreement by failing to fully disclose at sentencing the scope of Thomas's cooperation. By *per curiam* opinion, the appellate court affirmed the conviction and sentence. *See United States v. McLamb*, No. 99-4029 (4th Cir. Oct. 15, 1999).

The *Strickland* standard applies to the constitutional adequacy of appellate counsel as well as to trial counsel. Thus, in order to establish ineffective assistance of appellate counsel, Thomas would have to show that appellate counsel's failure to raise the appeal issues he requested was objectively unreasonable, and that, but for his counsel's deficient performance, there is a reasonable probability that his appeal would have succeeded. *Cf. Strickland*, 466 U.S. at 688, 694.

When a defense attorney focuses on some issues to the exclusion of others, there is a strong presumption that he did so for tactical reasons, rather than through sheer neglect. *See Yarborough v. Gentry*, 540 U.S. 1, 5-6 (2003). In light of all the circumstances of this case, revealed in the record and by Thomas's motion, and within the court's own recollection, the court is cannot find that Thomas has any reasonable probability that any of his appeal issues would have succeeded. Additionally, in light of Thomas's express desire to adopt Earnest's motions and memoranda, the court likewise incorporates herein Section III of this court's order in *United States v. Earnest Earl McLamb*, No. 7:98-CR-62-2-F (Order of March 11, 2003) [DE-95], at 13-15).

To the extent that any other of Earnest's § 2255 claims could be construed to apply to the facts of Thomas's case, the court deems those claims to have been set forth herein. However, for the same reasons set forth in this court's order of March 11, 2003 [E-DE-95], those claims are DENIED and DISMISSED.

## MOTIONS TO AMEND

Each of Thomas's Motions to Amend or Correct his § 2255 Motion is DENIED. *See* [DE-52, DE-56, and DE-106]. All those motions are untimely, as they were filed beyond the one-year limitations period applicable to such motions and sought to raise new claims that would not relate back to Thomas's initial motion. Moreover, none of the Motions to Amend raises a meritorious claim. The Government's Motion to Dismiss [DE-53] the first Motion to Amend is ALLOWED.

## SUMMARY

In summary, for the reasons set forth herein, the Government's Motions to Dismiss or for Summary Judgment [DE-49 and -53] are ALLOWED and this action is DISMISSED. Thomas's Motions to Adopt Pleadings [DE-59], and to Exceed Page Limit [DE-44] are ALLOWED. However, Thomas's Motions to Amend the § 2255 Motion [DE-52, -56 and 106] are DENIED, as is his "Motion to Expurgate for Lack of Jurisdiction," [DE-90]. Any other pending motions are DENIED as moot.

The Clerk of Court is DIRECTED to close this case.

SO ORDERED.

This the 16 day of January, 2007

JAMES C. FOX
Senior United States District Judge